

**Aaron D. Van Oort**
Partner
aaron.vanoort@faegredrinker.com
+1 612 766 8138 direct

Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
+1 612 766 7000 main
+1 612 766 1600 fax

July 23, 2021

**<u>VIA CM/ECF</u>**

Christopher M. Wolpert
Clerk of the Tenth Circuit Court of Appeals
The Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

Re:   *Thornton, et al v. Tyson Foods, et al*, Case No. 20-2124

Dear Mr. Wolpert,

I am writing on behalf of Appellees in response to Plaintiffs-Appellants' Rule 28(j) Letter dated July 21, 2021. Plaintiffs' Letter advises the Court of Executive Order 14036 ("Executive Order"), which, in relevant part, instructs the Secretary of Agriculture to:

> consider initiating a rulemaking to define the conditions under which the labeling of meat products can bear the voluntary statements indicating that the product is of United States origin, such as "Product of USA."

86 Fed. Reg. 36987, at 36993 (July 9, 2021). Plaintiffs argue that this direction to consider initiating ***new*** rulemaking indicates that their claims about Appellees' use of "Product of the USA" are not preempted by the ***current*** rules. Rule 28(j) Letter at 2.

Plaintiffs' argument is incorrect. It is undisputed that Appellees' beef products satisfy the United States Department of Agriculture's ("USDA") current definition of "Product of the USA" and that the USDA's Food Safety Inspection Service approved the challenged beef labels. Appellees' Br. at 2-3, 7, 13. The Federal Meat Inspection Act ("FMIA") expressly preempts all state law label requirements that are "in addition to, or different than" the federal requirements. 21 U.S.C. § 678. As shown in Appellees' brief, Plaintiffs are attempting to impose labeling requirements

Christopher M. Wolpert　　　　　　- 2 -　　　　　　July 23, 2021

for "Product of the USA" claims that are in addition to or different than the USDA's current requirements. Rather than supporting Plaintiffs, the Executive Order's instruction to USDA to consider initiating rulemaking to *change* its labeling requirements thus reinforces the conclusion that their claims are preempted under USDA's *current* rules, which are the controlling rules for the beef labels Plaintiffs challenge.

　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　**FAEGRE, DRINKER BIDDLE & REATH LLP**

　　　　　　　　　　*/s/ Aaron D. Van Oort*
　　　　　　　　　　Aaron D. Van Oort
　　　　　　　　　　2200 Wells Fargo Center
　　　　　　　　　　90 South Seventh Street
　　　　　　　　　　Minneapolis, MN 55402
　　　　　　　　　　Tel: (612) 766-7000
　　　　　　　　　　Fax: (612) 766-1600
　　　　　　　　　　Aaron.VanOort@faegredrinker.com

　　　　　　　　　　*Counsel for Defendants-Appellees*

cc:　　All Counsel (via CM/ECF)

# CERTIFICATE OF COMPLIANCE

## Certificate of Compliance with Word Limit, Typeface Requirements and Type Style Requirements

1.   This letter complies with the word limit of Fed. R. App. P. 28(j) because the body of the letter contains 262 words.

2.   This letter complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2008 in Times New Roman, 14-point plain font.



*/s/ Aaron D. Van Oort*

# CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2021, I filed the foregoing document via the Appellate CM/ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

*/s/ Aaron D. Van Oort*

# CERTIFICATE OF DIGITAL SUBMISSION

Pursuant to the Tenth Circuit ECF User's Manual, Section II.J, I hereby certify, with respect to the foregoing document, that:

1.   All required privacy redactions have been made per 10th Cir. R. 25.5;

2.   The digital submission has been scanned for viruses with the most recent version of Crowd Strike Windows Sensor 6.14.12806.0 and, according to this program, is free of viruses.

Christopher M. Wolpert — - 4 - — July 23, 2021

*/s/ Aaron D. Van Oort*